UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE BARRERA,<br>          Plaintiff,<br><br>     v.<br><br>DAVID WINN, ET AL.,<br>          Defendants. | )<br>)<br>)<br>)   C.A. No. 05-40107-RWZ<br>)<br>)<br>) |

MEMORANDUM AND ORDER

For the reasons stated below: (1) Plaintiff's Application to Proceed *in forma pauperis* is Allowed, and Plaintiff is assessed the $250.00 filing fee pursuant to 28 U.S.C. § 1915(b); (2) The clerk shall issue summonses as to each Defendant, and the United States Marshal shall bear all costs of service of the summonses; (3) The Federal Defender's Office shall enter an appearance as an amicus party, and shall file an amicus brief with respect to the issues presented, both in this action and in Fox v. Lappin, et al., Civil Action No. 05-40106-WGY; and (4) The Complaint shall be served on the United States Attorney and counsel for Warden David Winn and FMC Devens, and a response to the Complaint shall be filed by no later than August 15, 2005, notwithstanding service of process has not yet been effectuated.

FACTS

On June 23, 2005, Plaintiff Jose R. Barrera, a prisoner at FMC Devens, filed a *pro se* Complaint on a form provided by the prison, entitled "Form to be used by federal prisoners in filing a civil action under 28 U.S.C. § 1331 or § 1346." He names Warden Winn and the Bureau of Prisons ("BOP") as Defendants. He claims that he exhausted his administrative remedies within the prison, and was provided with a final decision denying his request to vacate his sex offender classification.

As grounds for the Complaint, Plaintiff alleges that he was given a public safety factor (PSF) classification,[1] based solely on a 40 year old New York state conviction. He contends this PSF classification was placed on him "without court notification by the BOP four months after conviction." He also contends that the 40 year old case "holds no merit due to the letter attached from my wife, the supposed victim." Finally, he contends that PSF classification "holds no merit within Federal Guidelines because of age factors imposed."

Plaintiff seeks a Court Order for removal of the PSF classification place on him by the BOP, as well as removal from the BOP-SOMP program (the Sex Offender Management Program), which currently holds him at FMC Devens. He claims such removal will allow him the opportunity to relocate to either MDC Brooklyn or back to FCI Ft. Dix, in order to be closer to his family. Plaintiff does not specifically allege that the PSF classification would effect his release date, or that he remains in custody in violation of law, nor does he expressly seek a writ of habeas corpus.

Accompanying his complaint was an Application to Proceed *in forma pauperis,* with a prison certification indicating he has a balance of $25.32 in his prison account, however, he failed to file a prison statement indicating his account activity for the past six months. Subsequently, the Court was able to obtain such information from FMC Devens.

---

[1] The Public Safety Factors (PSFs) are located in the BOP Policy Statement 5100.07. The purpose is to provide for increased security to ensure the protection of society. PSFs can include sex offenders, disruptive groups, deportable aliens, individuals making threats on government officials.

ANALYSIS

I. The Filing Fee

The threshold issue presented to this Court is whether to construe this action as a habeas petition or a civil action in the nature of a complaint for declaratory judgment, or some other action.  Following the line of cases construing challenges similar to that presented in this case as a Declaratory Judgment action rather than a habeas petition, this Court deems this action to be in the nature of a civil action. See Simmons v. Nash, 361 F. Supp. 2d  452, 459  (D.N.H. March 30, 2005) (converting habeas petition into Declaratory Judgment action);  Estrella v. Menifee, 2003 WL 1912177(S.D.N.Y. 2003) (prisoner brought declaratory action challenging his classification under § 4042(b); Bunn v. Conley, 309 F.3d 1002 (7th Cir. 2002) (where Seventh Circuit reversed the District Court's re-characterization of a *pro se* federal prisoner's action for Declaratory Judgment seeking to prevent the warden from notifying local law enforcement of his release, pursuant to related § 4042(b), into a § 2241 habeas petition); See also,  Henrikson v. Guzik, 249 F.3d 395 (5th Cir. 2001)(habeas corpus was improper vehicle for challenge to BOP interpretation; but challenge could be entertained as a declaratory judgment.);   Montalvo v. Snyder, 207 F. Supp. 2d 581 (E.D. KY 2002) (prisoner challenge to BOP classification as sex offender based on prior state conviction treated as civil action (installment fee assessed pursuant to 28 U.S.C. § 1915);  Bush v. Pitzer, 133 F.3d 455, 456-57 (7th Cir. 1997) (habeas relief not vehicle for prisoner assertion that an administrative official made a mistake in the implementation of a statute or regulation.); cf., Green v. Bureau of Prisons, 2002 WL 31548084(D. Minn. 2002)(denying motion to reconsider dismissal of § 2241 habeas petition challenging BOP classification as sex offender; specific issue of categorization of claim not addressed.

Indeed, Plaintiff has submitted his action on a form for use in "civil actions," and Plaintiff does not specifically assert a claim for habeas relief. In view of the above, this Court finds the appropriate filing fee to be assessed is $250.00 (applicable to civil actions), as opposed to $5.00 (applicable to habeas petitions).

The next issue presented is whether Plaintiff qualifies for *in forma pauperis* status. A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint, or (2) file an Application to Proceed Without Prepayment of Fees. See 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. 28 U.S.C. § 1915(a)(2). Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, prisoner plaintiffs must pay the full amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

Here, Plaintiff's prison account statement indicates that he has an account balance of $3.82, that his national six month average daily balance was $15.62, and his average six month deposits was $79.18. He has no other assets or income. Based on this financial information, the Court finds the Plaintiff qualifies for *in forma pauperis* status, and allows Plaintiff's Application.

Accordingly, pursuant to § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee of $15.84, with the balance of $234.16 to be paid in installment payments pursuant to § 1915(b)(2).

II.     Summonses shall issue

The Court directs that the Clerk shall issue summonses for each Defendant, and the United States Marshal shall serve a copy of the summons, complaint, and this order upon Defendants as directed by plaintiff with all costs of service to be advanced by the United States.

III.    The Federal Defender's Office May Appear as an Amicus Party

The Federal Defender's Office shall enter an appearance as an amicus party, and shall file an amicus brief with respect to the issues presented by the Declaratory Judgment action challenging the BOP's interpretation and/or classification under 18 U.S.C. § 4042(c), both in this action and in Fox v. Lappin, et al., Civil Action No. 05-40106-WGY. The amicus brief shall be filed by no later than August 15, 2005, unless additional time is sought for good cause.

IV.     Service on United States Attorney and Counsel for FMC Devens.

Notwithstanding that Plaintiff is responsible for effectuating service of process on the defendants, the clerk shall serve a copy of the Complaint on the United States Attorney and counsel for Warden David Winn and FMC Devens. It is ORDERED that counsel for defendants shall file and serve a response to the Complaint, by no later than August 15, 2005. The Defendants shall address, *inter alia*, the issue whether the BOP interpretation and application of 18 U.S.C. § 4042(c) to the Plaintiff comports with the Administrative Procedure Act (APA), 5 U.S.C. § 702, and shall address other constitutional issues raised by Plaintiff's claims.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Application to Proceed *in forma pauperis* is Allowed, and the filing fee is assessed pursuant to 28 U.S.C. § 1915;

2. The clerk shall issued summonses as to each of Defendant, and the United States

5

> Marshal shall bear all costs of service of the summonses;

3. The Federal Defender's Office shall enter an appearance as an amicus party, and shall file an amicus brief with respect to the issues presented, both in this action and in <u>Fox v. Lappin, et al.</u>, Civil Action No. 05-40106-WGY; and

4. The Complaint shall be served on the United States Attorney and counsel for Warden David Winn and FMC Devens, and a response shall be filed by no later than <u>August 15, 2005.</u>

<u>/s/ Rya W. Zobel</u><br>
RYA W. ZOBEL<br>
UNITED STATES DISTRICT JUDGE

DATED:  July 14, 2005