UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE R. BARRERA,<br><br>       Plaintiff,<br><br>   v.<br><br>DAVID WINN, ET AL.,<br><br>       Defendants. | )<br>)<br>)<br>)   C.A. No. 05-40107-RWZ<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants hereby submit this Memorandum in Support of their Motion to Dismiss the Plaintiff's Complaint.[1] They have moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

**INTRODUCTION**

Plaintiff, Jose Barrerra, challenges the Federal Bureau of Prisons' ("BOP") authority under 18 U.S.C. § 4081 to classify and place him in the BOP Sexual Offender Management Program ("BOP-SOMP") at the Federal Medical Center in Devens, Massachusetts ("FMC Devens").[2] Complaint, pg. 3-4. Plaintiff claims this

---

[1] This Court construed the Complaint as a civil action seeking a declaratory judgment rather than a habeas petition. Memorandum and Order of Justice Rya W. Zobel ("Zobel Memo"), pg. 3.

[2] The Court requested that the Defendants address (i) whether the BOP's interpretation and application of 18 U.S.C. § 4042(c) is in accordance with the Administrative Procedure Act ("APA") and (ii) the merits of Plaintiff's constitutional claims. Zobel Memo, pg. 5. Plaintiff, however, is not challenging the BOP's interpretation of § 4042, which requires the BOP to give notice to law enforcement officials when sex offenders are released from

classification limits his ability to transfer to a minimum security prison. Complaint, pg. 3-4. Plaintiff requests that the Court order the BOP to (i) remove the internal classification, (ii) withdraw him from the BOP-SOMP, and (iii) allow him to relocate to a minimum security prison facility closer to his family, such as the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn") or the Federal Correction Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Complaint, pg. 4. For the reasons set forth below, however, the Court should dismiss the Complaint.

**ARGUMENT**

The standard courts apply when deciding a motion to dismiss is well-established. The Court must accept the plaintiff's allegations as true and the court should not dismiss the complaint unless it "appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980) (per curiam); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Casper, 544 F.2d 1121, 1122 (1st Cir. 1976).

---

prison.

I.  **THE BOP'S DECISION TO REMOVE THE INTERNAL CLASSIFICATION AND TRANSFER PLAINTIFF TO FCI FORT DIX RENDERS THE COMPLAINT MOOT**

The Court should dismiss the Complaint for mootnees.  As stated above, Plaintiff requested that the Court order the BOP to remove Plaintiff's internal classification as a sex offender, withdraw him from the BOP-SOMP, and transfer him to a minimum security prison facility, such as the MDC Brooklyn or the FCI Fort Dix.  The BOP recently has waived the classification, removed Plaintiff from the BOP-SOMP, and approved his transfer to FCI Fort Dix.  See Declaration of Diana Jacobs Lee, attached hereto as Exhibit A.  Therefore, the issues surrounding Plaintiff's placement in the BOP-SOMP and his requested relief are now moot and this Court lacks jurisdiction over the Complaint.  See North Carolina v. Rice, 404 U.S. 244, 246 (1971) (federal courts lack constitutional power to decide "questions that cannot affect the rights of litigants in the case before them."); United States v. Reid, 369 F.3d 619, 624 (1st Cir. 2004) (a justiciable controversy that existed at one time, but no longer remains, is moot).

**CONCLUSION**

Accordingly, for the reasons articulated above, Plaintiff's Complaint should be dismissed.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN<br>United States Attorney |
| By: | /s/ Damian W. Wilmot<br>Damian W. Wilmot<br>Assistant United States Attorney<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02110 |
| Date: August 12, 2005 | 617-748-3100 |

CERTIFICATION UNDER L.R. 7.1

Because Petitioner is a pro se prisoner currently being treated in a federal medical facility, counsel for the United States respectfully requests leave to file this Motion without a 7.1 conference.  It is the undersigned's position that because the Petitioner is *pro se* a 7.1 conference is unnecessary, as that Rule pertains to "counsel."  Also, Counsel was unable to contact Attorney Mizner of the Federal Public Defender before filing this Motion.

/s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I certify that on August 12, 2005, I caused a copy of the foregoing Motion to be served on Petitioner by first class mail, postage pre-paid to Jose R. Barrera (57833-053), FMC-Devens, 42 Patton Road, P.O. Box 879, Ayer, MA 01432, and amicus party, the Federal Defender's Office, Judith H. Mizner, Assistant Federal Public Defender, 408 Atlantic Ave., Boston, MA 02110.

/s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSE BARRERA,  :
        Plaintiff,  :
          :
    v.  :  Civil Action No. 05-40107
          :
DAVID WINN, et al.,  :
        Defendants.  :

DECLARATION OF DIANA JACOBS LEE

I, Diana Jacobs Lee, make the following declaration under penalty of perjury:

1. I am an Assistant Regional Counsel at the Northeast Regional Office, Federal Bureau of Prisons, Philadelphia, Pennsylvania. I have been employed with the Federal Bureau of Prisons since June 29, 2003. As part of my official duties, I have access to Bureau of Prisons files maintained in the ordinary course of business on inmates incarcerated within the Federal Bureau of Prisons.

2. On August 10, 2005, the Bureau of Prisons ("BOP") waived inmate Jose Barrera's Public Safety Factor classification under Program Statement 5100.07 and removed him from the Sexual Offender Management Program. This waiver made Barrera eligible for a transfer and placement in a minimum security prison. The BOP has approved Barrera for transfer to the Federal Correction Institution in Fort Dix, New Jersey.

I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

_Diana Jacobs Lee_ (signature)   8/11/05
Diana Jacobs Lee                  Date
Assistant Regional Counsel
Northeast Regional Office
Federal Bureau of Prisons