UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                 )
JOSE R. BARRERA,                 )
                                 )
            Plaintiff,           )
                                 )    C.A. No. 05-40107-RWZ
v.                               )
                                 )
DAVID WINN, ET AL.,              )
                                 )
            Defendants.          )
_____)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendants in the above-captioned matter oppose the
Plaintiff's Motion for Leave to Amend the Complaint to include a
challenge to the Federal Bureau of Prisons' ("BOP") authority
under 18 U.S.C. § 4042(c) to notify state and local authorities,
*inter alia,* that the Plaintiff must register as a sex offender
prior to his release from prison.  The Court should deny
Plaintiff's motion because his proposed challenge is futile.

Plaintiff's Motion states that his Amended Complaint will
seek an order enjoining the BOP from following the provisions of
§ 4042(c)(2) with regard to Plaintiff.  There is no basis to
enjoin the BOP from providing such a notification however.
First, because Plaintiff has failed to exhaust his administrative
remedies, he should not be able to pursue this action at all.
Second, the BOP properly construed the term "sexual offense," as
that term is used in § 4042(c)(4)(E), in concluding that
Plaintiff's prior state conviction for rape requires the BOP to

apply to him the provisions of § 4042(c)(2) prior to his release from BOP custody.  Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to Amend the Complaint on the grounds of futility.

## II.  BACKGROUND

### A.   Plaintiff's Current And Past Convictions

Plaintiff was sentenced in the United States District Court for the Eastern District of New York for conspriacy to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(b), on June 28, 2000. See accompanying Declaration of Diana Jacobs Lee ("Lee Dec."), ¶2 and Exhibit ("Ex.") A thereto.  The court sentenced Plaintiff to a 97-month prison term in the custody of BOP.  See Lee Dec. ¶2, Ex. A.  Plaintiff's current projected release date, taking into account projected "good conduct" credit is October 21, 2006.  See Lee Dec. ¶2, Ex. A.

In 1963, Plaintiff was convicted of rape in the criminal court of Queens, New York, when he was 19 years old.   See Lee Dec. ¶3.  A 1981 local presentence report indicated that between April 10, 1963, and April 15, 1963, Plaintiff, who was 19 years old, had sexual intercourse on two occasions with a female person who was less than 17 years old.  See id. The Plaintiff later married this person in 1965. See id.

- 2 -

**B.    Plaintiff's Administrative Remedy Request**

Pursuant to 28 C.F.R. § 542.10, federal inmates "may seek formal review of an issue which relates to any aspect of their confinement."  The formal review process consists of three steps. First, the inmate must file an administrative remedy request, to which the Warden must respond within 20 days.  28 C.F.R. §§ 542.14, 542.18.  Second, if the inmate is not satisfied with the Warden's response, the inmate may appeal within 20 days to the BOP Regional Director, who then must respond to the appeal within 30 days.  28 C.F.R. §§ 542.15(a), 542.18.  Finally, if the inmate is not satisfied with the Regional Director's response, the inmate may appeal within 30 days to the BOP General Counsel, who then must respond within 40 days.  28 C.F.R. §§ 542.15(a), 542.18.

On June 10, 2004, Plaintiff filed an administrative remedy requesting that the BOP (i) explain why it had assigned him a Public Safety Factor ("PSF") based on the Plaintiff's 1963 conviction, and (ii) remove the PSF.  See Lee Decl. ¶5, Exh. C. Warden Winn denied this request on July 6, 2004.  See Lee Decl. ¶5, Exh. D.  In the denial, the Warden explained that because of Plaintiff's 1963 conviction for rape, the BOP had assigned the Plaintiff with a PSF of Sex Offender based on the criteria set forth in Program Statement 5100.7.  See id.  On July 12, 2004, Plaintiff appealed the Warden's decision to the BOP's Regional

Director.  See Lee Decl. ¶5, Exh. E.  The Regional Director
denied the appeal on August 11, 2004.  See Lee Decl. ¶5, Exh. F.
Plaintiff then appealed the Regional Director's decision to the
BOP General Counsel's Office on August 24, 2004; see Lee Decl.
¶5, Exh. G; which was denied on November 19, 2004.  See Lee Decl.
¶5, Exh. H.

Plaintiff never filed an administrative remedy request
challenging the BOP's authority to apply to him the provisions of
§ 4042(c)(2).

**III. ARGUMENT**

**A.   Standard Of Review**

A Court may deny a motion for leave to amend a complaint
when the proposed amendment would be futile.  Foman v. Davis, 371
U.S. 178, 182 (1962).  "'Futility' means that the complaint, as
amended, would fail to state a claim upon which relief could be
granted."  Glassman v. Computervision Corp., 90 F.3d 617, 623
(1st Cir. 1996).  Here, Plaintiff's proposed amendment
challenging the BOP's authority to apply to him the provisions of
§ 4042(c)(2) prior to his release from BOP custody is futile for
the reasons articulated below.

**B.   BOP's Obligation To Notify State And Local Authorities
       About Sex Offenders**

Congress has directed that, prior to the release of a "sex
offender," the BOP shall provide state and local officials with
notice of "the place where the person will reside, and . . .

- 4 -

[that] the person shall be subject to a registration requirement as a sex offender." 18 U.S.C. § 4042(c)(2). For purposes of this statutory notification requirement, Congress has defined "sex offender" to include any person who "was convicted" of certain specified federal offenses, as well as "[a]ny other offense designated by the Attorney General as a sexual offense for purposes of this subsection." 18 U.S.C. § 4042(c)(4)(E). The Attorney General has delegated to the BOP authority to designate additional sexual offenses under § 4042(c)(4)(E). See 28 C.F.R. § 571.71. The BOP has designated these offenses to include "[a]ny offense under the law of any jurisdiction that involved: (1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault, or sexual battery). . . ." 28 C.F.R. § 571.72(a).

C.  **The Court Should Dismiss The Motion To Amend The Complaint Because Plaintiff Has Not Exhausted His Administrative Remedies**

As stated above, Plaintiff never filed an administrative remedy request challenging the BOP's authority to apply to him the provisions of § 4042(c)(2). Federal courts have limited jurisdiction and, therefore, may review the actions of a federal agency like the BOP only if authorized by statute. See, e.g., Bell v. New Jersey, 461 U.S. 773, 777 (1983). Therefore, Plaintiff cannot bring an action pursuant to the Administrative Procedure Act ("APA") to challenge the BOP's determination that

he is a sex offender for purposes of the notification requirement of § 4042(c) until he exhausts his administrative remedies.  <u>See</u> 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

Further, Court decisions in prisoner cases have imposed an exhaustion requirement as a matter of federal common law.  <u>See</u>, <u>e.g.</u>, <u>McCarthy v. Madigan</u>, 503 U.S. 140, 144 (1992); <u>Gonzales v. O'Connell</u>, 355 F.3d 1010, 1016 (7th Cir. 2003); <u>James v. Walsh</u>, 308 F.3d 162, 167 (2d Cir. 2002); <u>Castro-Cortez v. I.N.S.</u>, 239 F.3d 1037, 1047 (9th Cir. 2001); <u>Rogers v. United States</u>, 180 F.3d 349, 358 (1st Cir. 1999).  <u>See also</u> <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757 (3d Cir. 1996) (requiring exhaustion in case challenging constitutionality of disciplinary hearing resulting in loss of good time credits); <u>United States v. Brann</u>, 990 F.2d 98, 103-104 (3d Cir. 1993) (same, where prisoner sought credit for time served under house arrest); <u>Gonzalez v. Perrill</u>, 919 F.2d 1 (2d Cir. 1990) (same, in case challenging BOP failure to give proper credit for time served).  As explained in <u>Arias v. United States Parole Commission</u>, 648 F.2d 196, 199 (3d Cir. 1981),  "We have adhered to the exhaustion doctrine for several reasons:  (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because

the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors."  Accordingly, the Court should deny Plaintiff's Motion for Leave to amend his Complaint to include a challenge to the BOP's authority to apply to him the provisions of § 4042(c)(2) because he failed to exhaust this challenge administratively.

> **D.    The Court Should Deny Plaintiff's Motion Because He Cannot Receive Injunctive Relief**

Plaintiff's Motion states that his Amended Complaint will seek injunctive relief enjoining the BOP from applying to him the notification requirements of § 4042(c)(2).  Injunctive relief would be improper, however, because Plaintiff, as already discussed, has not exhausted his administrative remedies. Moreover, for the reasons discussed below, even if Plaintiff had exhausted his administrative remedies before filing this action, he still could not demonstrate entitlement to injunctive relief.

Section 4042(c)(4) creates a notification obligation when an inmate "was convicted" of any of a number of "sexual offense[s]." Subsections 4042(c)(4)(A)-(D) delineate several such offenses, all federal sex crimes, and then Section 4042(c)(4)(E) gives the Attorney General broad discretion to designate "[a]ny other offense" as a "sexual offense."  (Emphasis added.)  When, as is in this instance, Congress has "explicitly left a gap for an agency to fill, there is an express delegation of authority to

the agency to elucidate a specific provision of the statute by regulation." Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984). "[A]ny ensuing regulation [such as 28 C.F.R. § 571.72(a)] is binding on the courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute." United States v. Mead Corp., 533 U.S. 218, 227 (2001).

The United States District Court for the District of New Jersey is the only court to have found that BOP's authority to notify state and local authorities that a prisoner must register as a sex offender upon his release from prison extends only to those prisoners who committed federal sexual offenses. See Simmons v. Nash, 361 F.—Supp.—2d 452 (D.N.J. 2005). Defendants respectfully submit that Simmons was wrongly decided, and that 28 C.F.R. § 571.72(a) reflects a permissible interpretation of 18 U.S.C. § 4042(c)(4)(E).

Indeed, the Simmons court erred in implicitly concluding that 28 C.F.R. § 571.72(a), with its inclusion of past state sex crime convictions within the scope of "sexual offenses" of which an inmate "was convicted," is manifestly contrary to Section 4042(c)(4)(E). See Simmons, 361 F.—Supp.—2d at 457. The Simmons court found that Section 4042(c)(4)(E) should be limited only to federal offenses, because Subsections 4042(c)(4)(A)-(D) reflect such a limitation. See Simmons, 361 F.—Supp.—2d at 458. But the

plain language of Section 4042(c)(4)(E), with its reference to "[a]ny other offense," shows that it not so limited.  Adoption of the holding of the Simmons court would render Section 4042(c)(4)(E) practically meaningless, and would be contrary to "the settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect." United States v. Nordic Village, Inc., 503 U.S. 30, 35 (1992). This Court should not propagate the Simmons court's error.

Even if this Court were to favor the Simmons court's interpretation of Section 4042(c)(4)(E) over the BOP interpretation reflected in 28 C.F.R. § 571.72(a), the Court still should uphold the regulation.  The Supreme Court has made clear that "it is not necessary for a court to find that the agency's construction [of a statute] was the only reasonable one or even the one the court would have reached if the question initially had arisen in a judicial proceeding."  Federal Election Comm'n v. Democratic Senatorial Campaign Committee, 454 U.S. 27, 39 (1981).  As the Court held in Chevron, when Congress has been silent with a respect to a particular issue, as it has with respect to what constitutes a "sexual offense" under Section 4042(c)(4)(E), the reviewing court need only find that the rule "is based on a permissible construction of the statute." Chevron, 467 U.S. at 843 (emphasis added); see also Heno v. FDIC, 20 F.3d 1204 (1st Cir. 1994) (deferring to agency decision that

did not reflect most natural reading of statute but nonetheless reflected "a 'permissible' reading").  Contrary to the holding of the Simmons court, Section 4042(c)(4)(E) does not mandate that the interpreting regulation encompass only the current federal offense for which the inmate is in BOP custody.  Exercising the authority delegated to it by the Attorney General, the BOP's regulation applies the literal language of the statute and includes "sexual offense[s]" like rape, an offense for which Plaintiff indisputably "was convicted."  Consequently, it is a permissible reading of the statute to include Plaintiff within the class of inmates to which the Section 4042(c)(2) notification requirement applies.  See Montalvo v. Snyder, 207 F.—Supp.—2d 581, 586 (E.D. Ky. 2002) (holding that "application of the notification requirements" to the plaintiff, a federal prisoner who previously had been convicted on a state sex charge, was "called for under the statute [and] regulation"), aff'd, 84 Fed. Appx. 521 (6th Cir. 2003).

Notably, the Simmons court relied heavily – and improperly – on the Fifth Circuit's decision in Henrikson v. Guzik, 249 F.3d 395 (5th Cir. 2001), a case involving 18 U.S.C. § 4042(b), a separate statutory notification requirement for violent criminals and drug offenders.  See Simmons, 361 F.—Supp.—2d at 455-57.  The Henrikson court held that prior offenses do not trigger the notification requirement of Section 4042(b).  See Henrikson, 249

- 10 -

F.3d at 399. Henrikson, however, is distinguishable from this case in two important ways. First, in contrast to Section 4042(c)(4), Section 4042(b)(3) merely specifies two categories of crimes that will trigger that statute's notification requirement; unlike 4042(c)(4), Section 4042(b)(3) does not delegate authority to designate "any other offenses." Second, in interpreting Section 4042(b)(3), the BOP has issued only a program statement, which, according to the Henrikson court, was not entitled to full Chevron deference. See Henrikson, 249 F.3d at 398; but see Reno v. Koray, 515 U.S. 50, 61 (1995) ("BOP's internal agency guideline . . . is still entitled to some deference, since it is a permissible construction of the statute." (citing Chevron, 467 U.S. at 843)). By contrast, pursuant to Section 4042(c)(4)(E), the BOP has promulgated a regulation (28 C.F.R. § 571.72(a)), after notice and comment, that clearly is entitled to full Chevron deference. See Chevron, 467 U.S. at 844; see also Burnhart v. Walton, 535 U.S. 212, 222 (2002). Henrikson, therefore, arises from a different statutory and regulatory background and cannot support a finding that the regulation now at issue, 28 C.F.R. § 571.72(a), is an impermissible interpretation of Section 4042(c)(4)(E).

Finally, even if this Court were to conclude that 28 C.F.R. § 571.72(a) impermissibly exceeded the delegated authority of Section 4042(c)(4)(E), the Court still should deny Plaintiff's

Motion for Leave to amend his Complaint to include a request for injunctive relief, because the BOP is not prohibited from notifying state and local authorities in any event.  As the court observed in <u>Bunn v. Conley</u>, 309 F.3d 1002 (7th Cir. 2002), a case involving the notification requirements of Section 4042(b), "[i]t is a substantial stretch to infer from Congress's decision to impose this [notification] duty on the BOP the additional notion that Congress meant to forbid the BOP from notifying interested public authorities in other situations, or in fact from doing a whole host of things."  <u>Id.</u> at 1010.  Likewise, Section 4042(c) imposes only affirmative notification duties on the BOP, and does not restrict the BOP from notifying state and local authorities upon the release of inmates with prior sexual offenses.  Defendants are aware of no such restriction, and Plaintiff has not pointed to one.  Accordingly, there is no basis to enjoin the BOP from applying the notification provisions of § 4042(c) to Plaintiff prior to his release from custody, and, therefore, his proposed amendment would be futile.

**CONCLUSION**

Accordingly, for the reasons articulated above, the Court should deny Plaintiff's Motion for Leave to Amend the Complaint.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        By:   /s/ Damian W. Wilmot
                              DAMIAN W. WILMOT
                              Assistant U.S. Attorney
                              Moakley Federal Courthouse
                              One Courthouse Way, Suite 9200
                              Boston, MA   02210
Dated:     September 15, 2005   (617) 748-3100

                    CERTIFICATE OF SERVICE

I certify that on September 15, 2005, I caused a copy of the foregoing Opposition to be served on Plaintiff by first class mail, postage pre-paid to Jose R. Barrerra, Reg, No. 57833-053, FMC Devens, P.O. Box 879, Ayer, MA 01432.

                              /s/ Damian W. Wilmot
                              DAMIAN W. WILMOT
                              Assistant U.S. Attorney

- 13 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSE BARRERA,
                    Plaintiff,              :
                                            :
        v.                                  :    Civil Action No. 05-40107
                                            :
DAVID WINN, et al.,                         :
                                            :
                    Defendants.             :

### DECLARATION OF DIANA JACOBS LEE

I, Diana Jacobs Lee, make the following declaration under
penalty of perjury:

1.   I am an Assistant Regional Counsel at the Northeast Regional
Office, Federal Bureau of Prisons, Philadelphia, Pennsylvania.  I
have been employed with the Federal Bureau of Prisons since June
29, 2003.  As part of my official duties, I have access to Bureau
of Prisons files maintained in the ordinary course of business on
inmates incarcerated within the Federal Bureau of Prisons.

2.   On June 28, 2000, petitioner Jose Barrera was sentenced in
the United States District Court for the Eastern District of New
York for conspiracy to distribute and possession with intent to
distribute heroin, in violation of 21 U.S.C §§ 846, 841(a)(1) and
841 (b)(1)(b).  The court sentenced Petitioner to a 97-month
prison term in the custody of the BOP.  Petitioner is currently
serving his sentence at the Federal Correctional Institution in
Fort Dix, New Jersey.  His current projected release date, taking
into account projected "good conduct" credit is October 21, 2006.

Attached hereto as Exhibit A is a true and correct copy of a
printout from the BOP's Public Information Inmate Data reflecting
the foregoing information.

3.  Pursuant to Bureau of Prisons Program Statement 1351.05,
Release of Information, an inmate may not possess his or her
Presentence Investigation Report ("PSR").  Inmates who wish to
review their PSRs may access, review, and make notes from them
upon submission of a request to a member of their Unit Team.  I
have reviewed the PSR for inmate Jose Barrera, Register number
57833-053, which is maintained in the ordinary course of business
at each inmate's institution.  According to the PSR, petitioner
was convicted of Rape in the criminal court of Queens, New York
in 1963 when he was 19 years old.  A 1981 local presentence
report indicated that between April 10, 1963, and April 15, 1963,
the petitioner had sexual intercourse on two occasions with a
female who was less than 17 years old at the time of the offense.
This female married the defendant in 1965 and related that
although she had consensual sexual relations with the defendant,
her parents pressed charges because she was 16 years old and the
defendant was 19 years old.

4.  Attached hereto as Exhibit B is a true and correct copy of
Chapters 1 and 7 from BOP Program Statement 5100.07, Security
Designation and Classification Manual.

5.  Attached hereto as Exhibit C is a true and correct copy of an
administrative remedy request that Petitioner filed on June 10,

2004. Attached hereto as Exhibit D is a true and correct copy of
Warden Winn's denial of this request. Attached hereto as Exhibit
E is a true and correct copy of petitioner's appeal to the BOP
Regional Director concerning the Warden's denial. Attached
hereto as Exhibit F is a true and correct copy of the Regional
Director's denial of petitioner's appeal. Attached hereto as
Exhibit G is a true and correct copy of petitioner's appeal to
the BOP General Counsel's Office concerning the Regional
Director's denial. Attached hereto as Exhibit H is a true and
correct copy of the General Counsel's Office's denial of
petitioner's appeal.

6. On August 10, 2005, Bureau of Prisons ("BOP") waived inmate
Jose Barrera's Public Safety Factor classification under Program
Statement 5100.07 and removed him from the Sexual Offender
Management Program. This waiver made Petitioner eligible for a
transfer and placement in a minimum security prison. Petitioner
has been transferred and is currently designated to the Federal
Correction Institution in Fort Dix, New Jersey.


I declare the foregoing is true and correct to the best of my
knowledge and belief, and is given under penalty of perjury
pursuant to 28 U.S.C. § 1746.

Diana Jacobs Lee
Assistant Regional Counsel
Northeast Regional Office
Federal Bureau of Prisons

9/14/05
Date

-3-

# EXHIBIT A

09/15/2005 14:54 FAX 215 597 4691    BOP NERO LGL SVC                    ☒006

```
     NERH1           *         PUBLIC INFORMATION           *      09-13-2005
  PAGE 001           *            INMATE DATA               *      16:10:47
                                AS OF 09-13-2005

REGNO..: 57833-053 NAME: BARRERA, JOSE RAYMOND
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 609-723-1100    FAX: 609-723-6847
                                             RACE/SEX...: WHITE / MALE
FBI NUMBER.: 362809E                         DOB/AGE....: 07-14-1944 / 61
PROJ REL MT: GOOD CONDUCT TIME RELEASE       PAR ELIG DT: N/A
PROJ REL DT: 10-21-2006                      PAR HEAR DT:
------------------------------ ADMIT/RELEASE HISTORY -----------------------
FCL    ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP  DATE/TIME
FTD    A-DES      DESIGNATED, AT ASSIGNED FACIL 09-07-2005 2055 CURRENT
7-F    RELEASE    RELEASED FROM IN-TRANSIT FACL 09-07-2005 2055 09-07-2005 2055
7-F    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-07-2005 0750 09-07-2005 2055
DEV    FURL TR NC FURL W/UNESCORT TRF NOT TO CCC 09-07-2005 0750 09-07-2005 0750
DEV    A-DES      DESIGNATED, AT ASSIGNED FACIL 08-16-2005 2128 09-07-2005 0750
DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 08-16-2005 1257 08-16-2005 2128
DEV    A-DES      DESIGNATED, AT ASSIGNED FACIL 08-16-2005 1256 08-16-2005 1257
DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 08-16-2005 1147 08-16-2005 1256

G0002       MORE PAGES TO FOLLOW . . .
```

```
      NERH1              *          PUBLIC INFORMATION           *      09-13-2005
    PAGE 002             *            INMATE DATA                *      16:10:47
                                    AS OF 09-13-2005

  REGNO..: 57833-053 NAME: BARRERA, JOSE RAYMOND
  COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
  FUNC...: DIS         RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                       PHONE..: 609-723-1100    FAX: 609-723-6847
  DEV     A-DES        DESIGNATED, AT ASSIGNED FACIL  03-31-2004 0953 08-16-2005 1147
  5-L     RELEASE      RELEASED FROM IN-TRANSIT FACL  03-31-2004 0953 03-31-2004 0953
  5-L     A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 03-31-2004 0417 03-31-2004 0953
  FTD     TRANSFER     TRANSFER                       03-31-2004 0417 03-31-2004 0417
  FTD     A-DES        DESIGNATED, AT ASSIGNED FACIL  05-08-2003 1305 03-31-2004 0417
  S38     RELEASE      RELEASED FROM IN-TRANSIT FACL  05-08-2003 1305 05-08-2003 1305
  S38     A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 05-08-2003 1210 05-08-2003 1305
  BRO     HLD REMOVE   HOLDOVER REMOVED               05-08-2003 1210 05-08-2003 1210
  BRO     A-HLD        HOLDOVER, TEMPORARILY HOUSED   04-16-2003 1845 05-08-2003 1210
  A01     RELEASE      RELEASED FROM IN-TRANSIT FACL  04-16-2003 1845 04-16-2003 1845
  A01     A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-16-2003 0802 04-16-2003 1845
  ATL     HLD REMOVE   HOLDOVER REMOVED               04-16-2003 0802 04-16-2003 0802
  ATL     A-BOP HLD    HOLDOVER FOR INST TO INST TRF  04-15-2003 1948 04-16-2003 0802


  G0002        MORE PAGES TO FOLLOW . . .
```

```
   NERH1          *            PUBLIC INFORMATION            *      09-13-2005
   PAGE 003       *              INMATE DATA                 *      16:10:47
                                AS OF 09-13-2005
```

REGNO..: 57833-053 NAME: BARRERA, JOSE RAYMOND
COMP NO: 010       ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 609-723-1100    FAX: 609-723-6847
PRE-RELEASE PREPARATION DATE: 04-21-2006

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  10-21-2006 VIA GCT REL

-------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

COURT OF JURISDICTION...........: NEW YORK, EASTERN DISTRICT
DOCKET NUMBER...................: CR-99-1029(ARR)
JUDGE...........................: ROSS
DATE SENTENCED/PROBATION IMPOSED: 06-28-2000
DATE COMMITTED..................: 08-22-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

G0002      MORE PAGES TO FOLLOW . . .

```
   NERH1          *          PUBLIC INFORMATION          *     09-13-2005
   PAGE 004       *             INMATE DATA              *     16:10:47
                                AS OF 09-13-2005

REGNO..: 57833-053 NAME: BARRERA, JOSE RAYMOND
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 609-723-1100    FAX: 609-723-6847

                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:  $100.00        $00.00          $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  391
OFF/CHG: 21;846, 841 (A)((1) & 841(B)(1)(B)  CONSPIRACY TO DISTRIBUTE
         AND POSSESS WITH INTENT TO DISTRIBUTE HEROIN

   SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:   97 MONTHS


G0002       MORE PAGES TO FOLLOW . . .
```

```
    NERH1            *           PUBLIC INFORMATION              *      09-13-2005
  PAGE 005           *             INMATE DATA                   *      16:10:47
                                 AS OF 09-13-2005

REGNO..: 57833-053 NAME: BARRERA, JOSE RAYMOND
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 609-723-1100    FAX: 609-723-6847
  TERM OF SUPERVISION............:    5 YEARS
  DATE OF OFFENSE................: 09-11-1999

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-24-2000 AT COL AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

  DATE COMPUTATION BEGAN..........: 06-28-2000
  TOTAL TERM IN EFFECT............:    97 MONTHS
  TOTAL TERM IN EFFECT CONVERTED..:     8 YEARS     1 MONTHS
  EARLIEST DATE OF OFFENSE........: 09-11-1999

  G0002      MORE PAGES TO FOLLOW . . .
```

```
    NERH1              *        PUBLIC INFORMATION        *     09-13-2005
  PAGE 006             *           INMATE DATA            *     16:10:47
                                AS OF 09-13-2005

  REGNO..: 57833-053 NAME: BARRERA, JOSE RAYMOND
  COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
  FUNC...: DIS          RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                        PHONE..: 609-723-1100   FAX: 609-723-6847

  JAIL CREDIT....................:   FROM DATE     THRU DATE
                                     10-07-1999    06-27-2000

  TOTAL PRIOR CREDIT TIME.........: 265
  TOTAL INOPERATIVE TIME..........: 0
  TOTAL GCT EARNED AND PROJECTED..: 380
  TOTAL GCT EARNED................: 270
  STATUTORY RELEASE DATE PROJECTED: 10-21-2006
  SIX MONTH /10% DATE.............: N/A
  EXPIRATION FULL TERM DATE.......: 11-05-2007


  PROJECTED SATISFACTION DATE.....: 10-21-2006

  G0002        MORE PAGES TO FOLLOW . . .
```

```
    NERH1              *          PUBLIC INFORMATION            *      09-13-2005
PAGE 007 OF 007 *             INMATE DATA                *      16:10:47
                               AS OF 09-13-2005

REGNO..: 57833-053 NAME: BARRERA, JOSE RAYMOND
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 609-723-1100    FAX: 609-723-6847
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055         NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# EXHIBIT B



**INTRODUCTION**

Bureau of Prisons institutions are grouped into security levels:
**MINIMUM, LOW, MEDIUM, HIGH,** plus an **ADMINISTRATIVE** category.
Seven factors are required to support an institution's security
level:

- mobile patrol,
- gun towers,
- perimeter barriers,
- detection devices,
- internal security,
- housing, and
- inmate-to-staff ratio.

Upon receipt of the U.S. Marshals request to place an inmate at a
Bureau institution, the Community Corrections Manager assesses
the offender's security and program needs, as well as other
administrative factors unique to a correctional environment.

The assignment of an inmate to a particular institution is based
upon:

    The level of security and supervision the inmate requires;

    The level of security and staff supervision the institution
    is able to provide;

    The inmate's program needs, i.e., substance abuse,
    educational/vocational training, individual and/or group
    counseling, medical/mental health treatment; and,

    Various administrative factors such as, but not limited to,

- level of overcrowding,
- the inmate's release residence,
- judicial recommendations,
- separation needs,
- increased security measures, to ensure the
  protection of victims/witnesses and the public in
  general.

There are two distinct systems of classification; one for male
and one for female offenders. While each classification item is
reviewed for each gender, different points may be assessed for
the item. The point difference is a result of research conducted

PS 5100.07
9/3/99
Chapter 1, Page 2

which indicates that men and women do not react the same in
similar situations.

Initial designations to Bureau (**or** BOP) institutions are
accomplished by:

    (1) Community Corrections Managers entering information into
a computer database (SENTRY) to compute a security score, and
    (2) Regional and/or Central Office Designators designating
an institution based on the score.

A Security/ Designation Data form is required for any inmate with
a sentence exceeding **30 days**. Designations to non-federal
facilities may also be completed by Community Corrections
Managers. Redesignations (transfers) from one Bureau institution
to another are also accomplished by Regional and Central Office
staff based upon many of the same factors used at the time of
initial designation.

The Custody Classification Form (BP-338) may indicate reduced or
increased security requirements based on consideration of both
pre-commitment and post-commitment variables. Four inmate
custody levels are established: **MAXIMUM, IN, OUT, and COMMUNITY.**
The lowest level of custody, **COMMUNITY,** is ordinarily reserved
for those inmates who meet the qualifications for participation
in community activities.

This Manual establishes guidelines for designating the place of
imprisonment for each individual. These guidelines are
consistent with statutory authority as contained in
18 U.S.C. § 3621(b). All designation and transfer decisions are
made without favoritism given to an individual's social or
economic status.

PS 5100.07
9/3/99
Chapter 7, Page 1

```
╔══════════════════════════════════════════════════════════╗
║   PUBLIC SAFETY FACTORS AND MANAGEMENT VARIABLES          ║
╚══════════════════════════════════════════════════════════╝
```

## PUBLIC SAFETY FACTORS

There are certain factors which require increased security measures to ensure the protection of society. Staff shall apply any of the following Public Safety Factors (PSF) that are appropriate. Up to three PSFs may be entered on the Update Security Designation (BP-337). If more than three applicable Public Safety Factors are identified, use those which would most appropriately control the inmate's placement.

**CODE**          **DESCRIPTION - PSF**

A      **NONE**. No Public Safety Factors apply.

B      **DISRUPTIVE GROUP**. A **male** inmate who is a validated member of a Disruptive Group identified in the Central Inmate Monitoring System shall be housed in a High security level institution, unless the PSF has been waived.

   **Note:** At the time of initial designation, if the PSI or other documentation identifies the inmate as a possible member of one of the Central Inmate Monitoring Disruptive Groups, Community Corrections (CC) staff shall indicate a PSF on the BP-337. However, CC staff shall not enter the CIM assignment "Disruptive Group." Upon loading this PSF on a not-yet-validated member, CC staff shall 1) make a notation in the remarks section to indicate the need for validation upon arrival at the institution, and 2) notify the Central Office Intelligence Section, via GroupWise, to advise them of the inmate's status. Upon the inmate's arrival at the designated institution, the intake screener shall notify the institution's Special Investigation Supervisor (SIS) of the inmate's PSF, in order to begin the validation process.

C      **GREATEST SEVERITY OFFENSE**. A **male** inmate whose current term of confinement falls into the "Greatest Severity" range according to the Offense Severity Scale (Appendix B) shall be housed in at least a Low security level institution, unless the PSF has been waived.

CODE         DESCRIPTION - PSF

F    **SEX OFFENDER.** A **male** or **female** inmate whose behavior in
     the current term of confinement or prior history includes
     one or more of the following elements shall be housed in
     at least a Low security level institution, unless the PSF
     has been waived. A conviction is not required for
     application of this PSF if the PSI, or other official
     documentation, clearly indicates the following behavior
     occurred in the current term of confinement or prior
     criminal history. If the case was dismissed or nolle
     prosequi, application of this PSF cannot be entered.
     However, in the case where an inmate was charged with an
     offense that included one of the following elements, but
     as a result of a plea bargain was not convicted,
     application of this PSF should be entered.

     **Example:** According to the PSI, the inmate was
     specifically described as being involved in a Sexual
     Assault but pled guilty to Simple Assault. Based on the
     documented behavior, application of this PSF should be
     entered.

     (1)  Engaging in sexual contact with another person
     without obtaining permission to do so (forcible rape,
     sexual assault or sexual battery);

     (2)  Possession, distribution or mailing of child
     pornography or related paraphernalia;

     (3)  Any sexual contact with a minor or other person
     physically or mentally incapable of granting consent
     (indecent liberties with a minor, statutory rape, sexual
     abuse of the mentally ill, rape by administering a drug or
     substance);

     (4)  Any sexual act or contact not identified above that
     is aggressive or abusive in nature (rape by instrument,
     encouraging use of a minor for prostitution purposes,
     incest). Examples may be documented by state or Bureau of
     Prisons' incident reports, clear NCIC entries, or other
     official documentation;

     (5)  Attempts are to be treated as if the sexual act or
     contact was completed; and/or,

     (6)     Any offense referenced in the Sex Offender
     Notification and Registration Program Statement.

PS 5100.07
9/3/99
Chapter 7, Page 3

CODE          DESCRIPTION - PSF

G      **THREAT TO GOVERNMENT OFFICIALS**.  A **male** or **female** inmate
       classified with a Central Inmate Monitoring
       assignment of Threat to Government Official shall be
       housed in at least a Low security level institution,
       unless the PSF has been waived.

H      **DEPORTABLE ALIEN**.  A "Deportable Alien" is a **male** or
       **female** inmate who is a citizen of a foreign country,
       rather than the United States.  In addition, the inmate
       shall be housed in at least a Low security level
       institution, unless the PSF has been waived.  This PSF
       also prevents placement in a CCC.  Unless an inmate meets
       all of the below criteria, the PSF shall be applied:

       (1)  **Documented and/or independently verified history of**
       **stable employment in the U.S.** for at least three years
       immediately prior to incarceration.  Stable or regular
       employment is generally defined as full-time (40 hours a
       week) work.  Part-time or seasonal work prior to
       incarceration does not meet the definition of stable
       employment;

       (2)  **Verified history of domicile in the U.S.** (five or
       more consecutive years immediately preceding the inmate's
       incarceration for the current term of confinement).  For
       example, if an inmate was arrested and detained in March
       1993 on his or her current conviction and was in the U.S.
       between 1980 and 1984, and again between 1992 and 1993, a
       PSF for Deportable Alien shall be applied since the five
       years were not
       consecutive and did not immediately precede his or her
       incarceration; and,

       (3)  **Verified strong family ties in the U.S.**  Strong
       family ties include **only** the immediate family.  Members of
       immediate family include: mother, father, step-parents,
       foster parents, brothers and sisters, spouse, and
       children.  The word "spouse" includes a common-law
       relationship which has previously been established in a
       state which recognizes such a status.  In states which do
       not, a common-law relationship is not considered
       "immediate family."  For determination of applicable state
       laws, Regional Counsel should be consulted.

**CODE**          **DESCRIPTION - PSF**

The defendant or the family member's statement to the USPO
preparing the PSI is not considered adequate verification
for criteria (1) and (2) above.

**The PSF shall not be applied when the Immigration and
Naturalization Service (INS) or the Immigration Judge has
determined that deportation proceedings are unwarranted
and the Institution Hearing Program (IHP)
Case Management Activity (CMA) assignment of NO IHP or IHP
CMP ND is assigned. Conversely, if the inmate is ordered
deported (CMA of IHP CMP WD), the Deportable Alien PSF
shall be applied regardless of the above
criteria. The Deportable Alien PSF shall also be applied
when FCI Oakdale institution staff assign the inmate a CMA
assignment of "OAK INS," regardless of the above criteria.
Cases with detainers for deportation investigations or
other unusual situations will be evaluated individually.**

I     <u>SENTENCE LENGTH</u>. A **male** inmate with more than ten years
remaining to serve shall be housed in at least a Low
security level institution unless the PSF has been waived.

A **male** inmate with more than 20 years remaining to serve
shall be housed in at least a Medium security level
institution, unless the PSF has been waived.

A **male** inmate with more than 30 years remaining to serve
(including non-parolable LIFE sentences) shall be housed
in a High security level institution unless the PSF has
been waived.

K     <u>VIOLENT BEHAVIOR</u>. A **female** inmate whose current term of
confinement or history involves two convictions (or
findings of commission of a prohibited act by the DHO) for
serious incidents of violence within the last five years
shall be assigned to the Carswell Administrative Unit, FMC
Carswell, Texas, unless the PSF has been waived.

L     <u>SERIOUS ESCAPE</u>. A **female** inmate who has been involved in
a serious escape within the last ten years, including the
current term of confinement, shall be

CODE                 DESCRIPTION - PSF

assigned to the Carswell Administrative Unit, unless the PSF has been waived.

A **male** inmate who has escaped from a secure facility (prior or instant offense) with or without the threat of violence or who escapes from an open institution or program with a threat of violence shall be housed in at least a Medium security level institution, unless the PSF has been waived.

M    **PRISON DISTURBANCE**.  A **male** or **female** inmate who was involved in a serious incident of violence within the institution and was found guilty of the prohibited act(s) of Engaging, Encouraging a Riot, or acting in furtherance of such as described in, but not limited to institution disciplinary codes such as 103, 105, 106, 107, 212, 213 or 218.  Such a finding must be in conjunction with a period of multiple institution disruptions.  Males will be housed in at least a HIGH security level institution and females shall be assigned to the Carswell Administrative Unit, unless the PSF has been waived.

*    N    **JUVENILE VIOLENCE**.  A current male or female juvenile offender who has any documented single instance of violent behavior, past or present, which resulted in a conviction, a delinquency adjudication, or finding of guilt.  Violence is defined as aggressive behavior causing serious bodily harm or death or aggressive or intimidating behavior likely to cause serious bodily harm or death (e.g., aggravated assault, intimidation involving a weapon, or arson).

O    **SERIOUS TELEPHONE ABUSE**.  A male or female inmate who utilizes the telephone to further criminal activities or promote illicit organizations and who meets the criteria outlined below, must be assigned a PSF for Serious Telephone Abuse.  A conviction is **not required** for the PSF if the Pre-Sentence Investigation (PSI) or other official documentation clearly indicates that the above behavior occurred or was attempted.  An inmate who meets this criteria must be housed in at least a Low security level institution, unless the PSF is waived.

PS 5100.07
CN-2 1/31/2002
Chapter 7, Page 6

The PSF should be entered if any **one** of the following criteria applies.

(1)  PSI or comparable documentation reveals the inmate was involved in criminal activity facilitated by the telephone who:

- meets the definition of a leader/organizer or primary motivator; or

- utilized the telephone to communicate threats of bodily injury, death, assaults, or homicides; or

- utilized the telephone to conduct significant fraudulent activity (actual or attempted) in an institution; or

- leader/organizer who utilized the telephone to conduct significant fraudulent activity (actual or attempted) in the community; or,

- arranged narcotic/alcohol introductions while confined in an institution.

(2)  Federal law enforcement officials or a U.S. Attorney's Office notifies the Bureau of Prisons of a significant concern and need to monitor an inmate's telephone calls;

(3)  The inmate has been found guilty of a 100 or 200 level offense code for telephone abuse.  (Note: 200 level offense codes will be reviewed on a case-by-case basis to determine whether the inmate meets the criteria for a PSF Serious Telephone Abuse).; or,

(5)  A Bureau of Prisons official has reasonable suspicion and/or documented intelligence supporting telephone abuse.

**Note:**  Any inmate who is assigned the Serious Telephone Abuse PSF may be subject to restricted use of the telephone in accordance with Program Statement on Telephone Regulations for Inmates.

PS 5100.07
CN-2 1/31/2002
Chapter 7, Page 6A

## DISCONTINUED PUBLIC SAFETY FACTORS

D    Firearms
E    High Drug
J    Designation Assessment

**REQUEST FOR PUBLIC SAFETY FACTOR WAIVER.** Only the Regional
Director or designee is authorized to waive a PSF. A request for
waiver of a PSF shall be submitted to the Regional Office via
GroupWise form EMS 409, available on BOPDOCS. The form shall be
completed as described below:

   (1)  This item should indicate the request is for waiver of
a Public Safety Factor.

   (2)  This item should indicate whether the inmate agrees
with the recommended team action. If appropriate, an explanation
should be provided.

   (3)  This item should include current, complete, and
accurate information concerning any medical problems the inmate
is experiencing.

   (4)  This item should include a brief description of the
inmate's adjustment during this period of incarceration.

   (5)  This item should provide disciplinary information
including all actions reflected on the current Custody
Classification Form (BP-338). Significant histories should be
summarized.

   (6)  It is important that the rationale include complete and
specific information providing justification to support the
requested action.

   (7)  Indicate whether or not the inmate is eligible for a
parole hearing. If yes, indicate the date of the hearing.

### Table 7-1

| SECURITY DESIGNATION TABLE (MALES) | | |
|---|---|---|
| INMATE SECURITY LEVEL ASSIGNMENTS BASED ON CLASSIFICATION SCORE AND PUBLIC SAFETY FACTORS | | |
| Classification Score | Public Safety Factors | Inmate Security Level |
| 0 - 5 | **No Public Safety Factors** | Minimum |
| | Deportable Alien | Low |
| | Juvenile Violence | Low |
| | Greatest Severity Offense | Low |
| | Sex Offender | Low |
| | Serious Telephone Abuse | Low |
| | Threat to Government Officials | Low |
| | Sentence Length | |
| |   Time remaining > 10 Yrs | Low |
| |   Time remaining > 20 Yrs | Medium |
| |   Time remaining > 30 Yrs | High |
| |     Includes non-parolable LIFE/ Death penalty cases | |
| | Serious Escape | Medium |
| | Disruptive Group | High |
| | Prison Disturbance | High |
| 6 - 8 | **No Public Safety Factors** | **Low** |
| | Serious Escape | Medium |
| | Sentence Length | |
| |   Time remaining > 20 Yrs | Medium |
| |   Time remaining > 30 Yrs | High |
| |     Includes non-parolable LIFE/ Death penalty cases | |
| | Disruptive Group | High |
| | Prison Disturbance | High |
| 9 - 14 | **No Public Safety Factors** | **Medium** |
| | Disruptive Group | High |
| | Prison Disturbance | High |
| | Sentence Length | |
| |   Time remaining > 30 Yrs, | High |
| |     Includes non-parolable LIFE/ Death penalty cases | |
| 15 + | | **High** |

PS 5100.07
CN-2 1/31/2002
Chapter 7, Page 8

**Table 7-2**

| SECURITY DESIGNATION TABLE (FEMALES) | | |
|---|---|---|
| INMATE SECURITY LEVEL ASSIGNMENTS BASED ON CLASSIFICATION SCORE AND PUBLIC SAFETY FACTORS | | |
| Classification Score | Public Safety Factors | Inmate Security Level |
| 0 - 10 | **No Public Safety Factors**<br>Deportable Alien<br>Juvenile Violence<br>Sex Offender<br>Serious Telephone Abuse<br>Threat to Government Officials<br>Violent Behavior<br>Prison Disturbance<br>Serious Escape | **Minimum**<br>Low<br>Low<br>Low<br>Low<br>Low<br>High<br>High<br>High |
| 11 - 21 | **No Public Safety Factors**<br>Violent Behavior<br>Prison Disturbance<br>Serious Escape | **Low**<br>High<br>High<br>High |
| 22 + | | **High** |

### MANAGEMENT VARIABLES

Management Variables are applied to reflect and support the professional judgment of Bureau staff in order to ensure placement in the most appropriate security level institution. They are required when placement has been made and/or maintained at an institution level inconsistent with the inmate's scored security level. Application of a Management Variable requires review and approval by the Regional Director or designee. When completing the BP-338, institution staff may only enter a Management Variable which the Designator previously approved and entered as a management reason. Otherwise, the Designator or designee is the only person authorized to enter a variable. A maximum of three Management Variables may be entered for each case.

**Note:** SENTRY will not permit the simultaneous application of the Greater Security and Lesser Security MGTVs.

When a Management Variable no longer applies, institution staff shall remove the variable(s) accordingly. When no Management Variable is required, institution staff shall insert the letter "A" (NONE) in the space to signify that no MGTV(s) apply. Management Variables entered at initial designation are automatically transferred onto the BP-338, Custody Classification form.

**Request for Management Variable/Management Variable expiration date.** All requests to apply a Management Variable (MGTV) or to update the Management Variable Expiration Date (MVED) must be submitted to the appropriate Designator via GroupWise using form EMS 409. (Individual Regional Offices may request additional information.) Requests for Management Variables on WITSEC inmates are to be forwarded to the Inmate Monitoring Section in the Central Office. The following criteria shall be utilized:

a. Only Regional, CCM, or Central Office staff can apply a MGTV and update a MVED, with the exception of "I" (Med/Psych), which shall be applied and reviewed by the Central Office Medical Designator and "U" (Mariel Cuban Detainee), which shall be applied by the Community Corrections and Detention Division, Central Office.

b. When requesting a MGTV or an updated MVED, **only** sections one and six need to be addressed on the GroupWise form EMS 409. This request should normally be made to the appropriate Designator within 21 calendar days following the inmate's scheduled program review to ensure the Designator is receiving a current Custody Classification Form, BP-338. After approval by

the Warden, the request may be routed from the unit terminal, and
unit staff must enter a DST assignment using the Update
Transaction.  Staff will enter W MGTV as a DST assignment when
the request is routed.  The Regional Office staff will remove the
assignment when the decision is made.

* c.  When requesting an updated MVED, staff are to indicate the
recommended expiration date on the top portion of form EMS 409.  *

d.  When a case with the MGTV of "I" (Med/Psych) is scheduled
for review and it is anticipated that this MGTV is no longer
applicable, institution staff are to complete all sections of EMS
409 form and forward the request to the Central Office Medical
Designator and the appropriate Regional Office.  The Central
Office Medical Designaoor will review the case for continuation
or deletion of this MGTV.  If this MGTV is no longer appropriate,
the Central Office Medical Designator will remove the MGTV.
After the Central Office Medical Designator removes the MGTV "I,"
the Regional Office is to review the case for transfer.  If a
transfer is not appropriate, another MGTV is to be applied.

Expiration dates are to be assigned in accordance with Table 7-3.
The Regional Director, or designee, must evaluate the information
on the EMS 409 form to determine the appropriate expiration date
for all applicable Management Variables.  At the established
expiration date, case management staff are to review the current
Management Variable(s) to determine appropriateness.  In the rare
instance when more than one MGTV is applied, all expiration dates
will be displayed on the BP-338.  When running a SENTRY roster,
each MGTV and corresponding MVED will be displayed.  Inmates
housed in contract facilities are excluded from this review
process.

**Management Security Level (MSL).**  Upon application of any of the
following Management Variables: PSF Waived; Greater Security;
Lesser Security, the Designator is to apply an overriding
Management Security Level (MSL) to reflect the inmate's assessed
security needs.  This MSL takes precedence over the security
level reflected in SENTRY which is based upon the scored security
level and the application of Public Safety Factors.  Designation
must be made to a DFCL commensurate with the inmate's security
needs as reflected in the Management Security Level.  **If there is
an extenuating circumstance in which an inmate's designation
facility is inconsistent with his or her MSL, at least one
additional non-MSL MGTV must be added to support and explain the
inconsistency.**

CODE        DESCRIPTION - MGTV

A          **NONE**.  No Management Variables apply.  Institution
           staff are permitted to enter this item.

B          **JUDICIAL RECOMMENDATION**.  A court may recommend a
           specific institution or program.  When consistent with
           Bureau of Prisons' policies or when such actions are
           consistent with sound correctional management, the
           Bureau of Prisons attempts to satisfy judicial
           recommendations.  When this is not feasible, the court
           is notified in writing with an explanation outlining
           the reasons for not satisfying that recommendation.
           **When the judicial recommendation is the deciding factor
           causing placement outside normal guidelines, this
           Management Variable shall apply.**

D          **RELEASE RESIDENCE**.  It is the practice of the Bureau of
           Prisons to attempt to place each inmate in an
           institution that is reasonably close to the anticipated
           release area.  Ordinarily, placement within 500 miles
           of the release area is to be considered reasonable,
           regardless of whether there may be an institution
           closer to the inmate's release area.  This Management
           Variable can also apply to inmates who are within 18-24
           months from release.  **This Management Variable shall
           apply when placement of the inmate in close proximity
           to the release residence is the determining factor in
           making the designation and causes placement outside
           normal guidelines.**

E          **POPULATION MANAGEMENT**.  Situations may occur in which
           an inmate requires housing in a facility which is not
           commensurate with his or her security level.  Following
           are example situations: facility activation; population
           pressures affecting available appropriate-level bed
           space within 500 miles of the inmate's anticipated
           release residence; gang/security concerns.  **When
           population management causes placement outside normal
           guidelines, this Management Variable shall apply.**

G          **CENTRAL INMATE MONITORING ASSIGNMENT**.  Pursuant to the
           CIM Program Statement, some inmates, for specified
           reasons, need to be monitored or separated from others.
           Sometimes these special management concerns limit the
           options for placement.  **When the CIM assignment causes**

**CODE    DESCRIPTION - MGTV**

placement outside normal guidelines, this **Management
Variable shall apply.**

I    **MEDICAL OR PSYCHIATRIC.** An inmate who has a history of
or is presently exhibiting psychiatric problems may
need an initial designation to a psychiatric referral
center. Similarly, documented information reflecting
that the inmate may need medical or surgical treatment
may require a designation to a medical referral center.
Designations and redesignations of these inmates shall
be made by the Central Office Medical Designator. **When
the need for medical/psychiatric treatment causes
placement outside normal guidelines, this Management
Variable shall apply.**

N    **PROGRAM PARTICIPATION.** Occasionally, inmates become
involved in specialized programs which are only
available on a limited basis, or at specific
institutions; in such instances, it might be
appropriate to delay transfer pending completion of the
program. Likewise, an inmate's ability to participate
in a unique program may require placement at an
institution not commensurate with his or her security
level. **Accordingly, when an inmate's security level
changes during participation in a special program not
likely to be available in another appropriate facility,
causing placement outside normal guidelines, this
Management Variable shall apply.**

R    **WORK CADRE.** At secure facilities without satellite
camps, the Regional Director may authorize a certain
number of work cadre inmates to perform work outside
the perimeter of the institution. **In some cases,
placement may be outside normal guidelines, and this
Management Variable shall apply.**

S    **PSF WAIVED.** An inmate may receive up to three Public
Safety Factors (PSFs). PSFs may be waived after review
and approval by the Regional Director or designee.
**When Public Safety Factors are waived causing placement
outside normal guidelines, this Management Variable
shall apply.** Application of this MGTV mandates that
the Regional Director determine the most appropriate
level of security required by the inmate and apply a
Management Security Level (MSL). The MSL must be at

**CODE      DESCRIPTION - MGTV**

least one level less than the scored security level
which is based on the Security Total and Public Safety
Factor(s).

U        **MARIEL CUBAN DETAINEE**.  Mariel Cuban Detainees are
given an initial custody and security level.  However,
Custody Classification Forms are not completed on
Mariel Detainees due to the unavailability of certain
data at designation (i.e., current term of
confinement, length of time remaining to serve,
accurate criminal history).  Therefore, transfers for
positive or negative behavior may cause placement of a
Mariel Detainee in a facility different from his or her
initial security or custody level.

**This Management Variable shall be applied by the
Community Corrections and Detention Division, Central
Office.**

**Mariel Cuban Detainees whose security or custody level
does not match that of their facility will have this
Management Variable applied.**  Sentenced Mariel Cuban
inmates will <u>only</u> have this Management Variable added
if they are ordered detained upon expiration of their
federal sentences and their security or custody level
does not match that of their facility.

V        **GREATER SECURITY**.  There may be security concerns which
are not adequately reflected in the classification
scheme.  **In circumstances where an inmate represents a
greater security risk (i.e., pending charges, detainer,
escape risk but no DHO finding, etc.) than their
assigned security level, they may be placed in an
institution outside normal guidelines, and this
Management Variable shall apply.**  When this MGTV is
applied based on institutional behavior which is **not**
supported by a UDC/DHO finding of guilt, staff shall
ensure compliance with the criteria as set forth in the
Program Statement on Inmate Discipline and Special
Housing Units.  Application of this MGTV mandates the
Regional Director or designee to determine the most
appropriate level of security required by the inmate
and apply a Management Security Level (MSL).
Designation shall then be made to a DFCL commensurate
with the inmate's Management Security Level.  The MSL

**CODE**      **DESCRIPTION - MGTV**

must be at least one level greater than the scored
security level which is based on the Security Total and
Public Safety Factor(s).

W            **LESSER SECURITY**.  There may be security concerns which
are not adequately reflected in the classification
scheme.  **In circumstances where an inmate represents a
lesser security risk (i.e., detainer removed, positive
adjustment, etc.) than their assigned security level,
the inmate may be placed in an institution outside
normal guidelines, and this Management Variable shall
apply.**  Application of this MGTV mandates the Regional
Director or designee to determine the most appropriate
level of security required by the inmate and apply a
Management Security Level (MSL).  The MSL must be at
least one level less than the scored security level
which is based on the Security Total and Public Safety
Factor(s).

**DISCONTINUED MANAGEMENT VARIABLES**

| | |
|---|---|
| C | Age |
| F | Racial Balance |
| H | Voluntary Surrender |
| J | Custody |
| K | Detainer |
| L | Discipline |
| M | Grandfather Clause |
| O | Security |
| P | Sentence Limitation |
| Q | Sliding Scale |

**Table 7-3**

| MANAGEMENT VARIABLE EXPIRATION TABLE | | |
|---|---|---|
| CODE | DESCRIPTION | LENGTH |
| A | None | N/A |
| B | Judicial Recommendation | N/A |
| D | Release Residence/Planning | N/A |
| E | Population Management | Up to 18 months** |
| G | Central Inmate Monitoring Assignment | N/A |
| I | Medical/Psychiatric | 6 months |
| N | Program Participation | Up to 18 months, at the discretion of the Regional Director** |
| R | Work Cadre | N/A |
| S | PSF Waived* | N/A (However, if an inmate is transferred to a more secure institution based on behavior related to the waived PSF, this MGTV shall be removed.) |
| U | Mariel Cuban Detainee | N/A |
| V | Greater Security* | At the discretion of the Regional Director upon recommendation from institution staff (can be extended indefinitely)*** |
| W | Lesser Security* | N/A |

* = requires application of a Management Security Level (MSL)

** = if no expiration date is entered, SENTRY will default to an expiration date 12 months in advance

*** = any valid SENTRY date may be entered; if no date is entered, SENTRY will default to N/A

# EXHIBIT C

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: BARRERA Raymond     57833-053     N-2     FMC Devens
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Part A– INMATE REQUEST    I Am Contesting the 1963 misdemeanor charge Th. has Resulted in a PSF on me. I have attempted on two ocassions to file BP8.5 informal resolutions. The counselor said the first BP8.5 had been misplaced and could not be found. When I brought second BP8.5 I was given BP-9 forms and told to fill them out in response to this BP-9 request please do the following:

① State the basis for the PSF being placed on me.

② Remove the PSF.

6/4/2004
DATE

Raymond Barrera
SIGNATURE OF REQUESTER

Part B– RESPONSE

RECEIVED
JUN 10 2004

DATE                         WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE     CASE NUMBER: 338144-1

                                          CASE NUMBER: _____

Part C– RECEIPT
Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          Printed on Recycled Paper

BP-229(13)
APRIL 1982

# EXHIBIT D

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #338744-F1**

This is in response to your Request for Administrative Remedy in which you request the reason you have a Public Safety Factor of Sex Offender and that it be removed.

Investigation of your complaint revealed the following. Per Program Statement 5100.07, Security Designation and Custody Classification Manual, your September 26, 1963, conviction for Rape warrants a placement of the Public Safety Factor for Sex Offender due to you engaging in intercourse with a minor under the age of 17 years of age. Therefore, you are appropriately scored.

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, Northeast Region, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.


_____                    7/6/4
David L. Winn, Warden                       Date

# EXHIBIT E

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: BARRERA JOSE R.        57833-053      N-2      FMC Devens
    LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

Part A—REASON FOR APPEAL THE BP-9 RESPONSE OF 7/6/04 FAILS TO RECOGNIZE THE PREVIOUS UNIT TEAM DETERMINATION OF MITIGATING CIRCUMSTANCES AND THEIR RECOMMENDATION OF PSF WAIVER. THE INFORMAL RESOLUTION ATTACHMENT FROM MY PRESENT UNIT MANAGER, REFERENCES A NEW YORK CONVICTION AND SENTENCE FOR RAPE OF 6 months. A SENTENCE OF 6 months FOR THE CHARGE OF RAPE IS AN ATYPICAL SENTENCE THAT OBVIOUSLY RECOGNIZED THE MITIGATING FACTORS OF THIS SITUATION. NOTE IN THE REQUEST FOR TRANSFER FROM COLEMAN THE INCORRECT DATE OF SEPARATION OF 1976. ATTACHED TO THIS BP10 IS A COPY OF FINAL JUDGEMENT OF DISSOLUTION OF MARRIAGE dated 8/14/98. ALSO NOTE THAT I NEVER did ANY JAIL TIME ON THE 6 month SENTENCE BECAUSE IT WAS A Suspended SENTENCE.

7/12/04
DATE

_Jose R. Barrera_
SIGNATURE OF REQUESTER

Part B—RESPONSE

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY

CASE NUMBER: 338744-R1

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____      _____
    DATE      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

# EXHIBIT F

**BARRERA, Jose**
Reg. No. 57833-053
Appeal No. 338744-R1
Page One

---
### Part B - Response

In your appeal, you feel staff at FMC Devens should consider
mitigating factors, as did your previous unit team, in
consideration of waiving your Public Safety Factor (PSF) of Sex
Offender. You state you did not serve any jail time on your six-
month sentence and request your PSF of Sex Offender be waived.

Your Request for Administrative Remedy filed with the Warden you
indicated you were contesting the 1963 misdemeanor charge that
resulted in the application of the PSF of Sex Offender and
requested removal of the PSF. The Warden correctly advised you
the reason the PSF of Sex Offender was applied to your case. In
reviewing your case, we find the PSF was applied in accordance
with Program Statement 5100.07, Security Designation and Custody
Classification Manual. The PSF, Sex Offender, will be applied
for an inmate whose behavior in the current term of confinement
or prior history involved engaging in any sexual contact with a
minor or other person physically or mentally incapable of
granting consent. A conviction is not required for the
application of the PSF if the Presentence Investigation (PSI)
Report or other official documentation clearly indicates the
behavior occurred in the current term of confinement or prior
history.

In your appeal, it appears you are no loner contesting the PSF,
but seek to have it waived due to mitigating factors. Your PSI
indicates you engaged in sexual relations with a minor on two
occasions and were convicted for Rape. Even if your sentence
were suspended, we find your offense behavior warrants
application of the PSF of Sex Offender and there is insufficient
grounds to waive this application. Accordingly, your appeal is
denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons. Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: August 11, 2004                 D. SCOTT DODRILL
                                      Regional Director

# EXHIBIT G

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _____    50883-053    H.A    FMC-Devens
   LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A – REASON FOR APPEAL**

8/24/04
DATE

Part B – RESPONSE

SIGNATURE OF REQUESTER

DATE

SECOND COPY: REGIONAL FILE COPY    GENERAL COUNSEL

Part C – RECEIPT    CASE NUMBER: 333744-A1

                                       CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL
SUBJECT: _____    REG. NO.    UNIT    INSTITUTION

         DATE
USP LVN    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)
                                            APRIL 1982

# EXHIBIT H

**Administrative Remedy No. 338744-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you request waiver of the Sex Offender Public
Safety Factor (PSF) applied to your Custody Classification Form.
You contend there are mitigating factors that warrant waiver of
the PSF.

Our review reveals the Warden and Regional Director adequately
responded to the issue raised in your appeal.  The application of
PSFs is left to the discretion of the Warden and the Regional
Director per Program Statement (P.S.) 5100.07, Security
Designation and Custody Classification Manual.  This P.S. states
that the Sex Offender PSF shall be applied when an inmate whose
behavior in the instant offense or prior history includes any
sexual contact with a minor or other person physically or
mentally incapable of granting consent.  Additionally, P.S.
5100.07 states that a conviction is not required for application
of this PSF if the PSI, or other official documentation, clearly
indicates the behavior occurred in the current term of
confinement or prior criminal history.  P.S. 5100.07 stipulates
that inmates with a Sex Offender PSF shall be housed in at least
a Low security level institution, unless the PSF has been waived.

As noted by the Warden and Regional Director, your prior criminal
history reflects you were convicted of Rape as a result of your
engaging in sexual intercourse on two occasions with a minor.
Therefore, we find the PSF for Sex Offender was appropriately
applied and the decision to deny your request to waive the PSF is
within the discretion of the Warden and Regional Director and in
accordance with policy.

Based on the foregoing, your appeal is denied.

November 19, 2004
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals