UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40107-RWZ

JOSE R. BARRERA

v.

DAVID WINN

MEMORANDUM OF DECISION

August 16, 2006

ZOBEL, D.J.

Plaintiff Jose R. Barrera filed suit in June 2005 against defendant David Winn, warden of the federal facility in which plaintiff is currently incarcerated, seeking to vacate his classification as a sex offender by the Bureau of Prisons ("BOP"). The classification was based upon a 40-year-old conviction in state court for statutory rape; petitioner asserted (and a letter from his ex-wife confirmed) that the underlying conduct giving rise to the conviction was consensual sex with a minor female, with whom he soon thereafter entered into a marriage that has lasted over 30 years. (See Docket No. 11). In his original complaint, plaintiff sought removal of the sex offender classification, which he claimed would allow him to be relocate to another federal facility, closer to his family. In an order dated July 14, 2005, I construed the complaint as a civil action seeking a declaratory judgment, rather than as a habeas petition, and allowed petitioner to proceed in forma pauperis. (See Docket No. 5).

Plaintiff subsequently filed a motion for leave to amend the complaint, seeking additional injunctive relief. Specifically, plaintiff sought to preclude the BOP from

notifying state or local law enforcement of his sex offender classification pursuant to 18 U.S.C. § 4042(c).  That motion was allowed on January 5, 2006, but due to administrative error the allowance was not entered in the docket until August 14, 2006.  Plaintiff, who presumably did not receive notice until August 14, 2006, shall file an amended complaint by September 1, 2006.

Currently pending is defendant's motion to dismiss.  (Docket No. 15).  The motion addresses only the original complaint.  Defendant claims that because the BOP has waived plaintiff's sex offender classification, removed him from the sex offender treatment program, and transferred him to a facility closer to his family, the court lacks subject matter jurisdiction.  Because the motion addresses only plaintiff's original claims, and because plaintiff has leave to file an amended complaint, the motion is denied as moot.

Accordingly, defendant's motion to dismiss (Docket No. 15) is denied as moot.  Plaintiff shall file an amended complaint by September 1, 2006.  Defendant shall file any motion to dismiss by September 15, 2006, and plaintiff's response is due by September 27, 2006.

__August 16, 2006_____                    __/s/Rya W. Zobel_____

DATE                                    RYA W. ZOBEL
                                        UNITED STATES DISTRICT JUDGE