UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
JOSE R. BARRERA, )
    Plaintiff, )
) Civil Action No. 05-40107-RWZ
v. )
)
DAVID L. WINN, et al. )
    Defendants )
_____)

DEFENDANTS' MOTION TO
REINSTATE THEIR MOTION TO DISMISS

Defendants, David Winn, Warden of Federal Medical Center in Devens, Massachusetts (FMC-Devens), and the Federal Bureau of Prisons respectfully submit the instant motion to reinstate their previously filed motion to dismiss. In support thereof, the Defendants state as follows:

1. On June 23, 2005, Jose Barrera, (Barrera or Plaintiff), then a prisoner at FMC-Devens, filed a complaint seeking to vacate his classification as a sex offender by the Bureau of Prisons (BOP). For relief, Barrera sought removal of his BOP sex offender classification, and withdrawal from the BOP Sexual Offender Management Program (BOP-SOMP), so that he could be transferred to a facility closer to his family.

2. On or about August 12, and September 15, 2005, the Defendants moved to dismiss the instant complaint as moot explaining that the BOP had waived its Public Safety Classification of Barrera, removed him from the BOP-SOMP, and approved his

transfer to FCI Fort Dix.[1]  <u>See</u> Docket Entry Numbers 9 and 15.

    3.    On or about August 27, 2005, Barrera moved to amend his complaint to seek a declaratory judgment that the BOP did not have authority under 18 U.S.C. § 4042 to notify state and local law enforcement officers upon his release of his classification as sex offender.  <u>See</u> Docket Entry Number 10.  The Federal Defenders, as amicus curiae, filed a memorandum supporting Barrera's request to amend his complaint, and stating that "amicus agrees that, as to the pending complaint, the relief sought has been afforded."  <u>See</u> Docket Entry Number 11, September 6, 2005, Memorandum of Amicus Curiae at 1.  The Defendants opposed Barrera's motion to amend.  <u>See</u> Docket Entry Number 16.

    4.    On August 16, 2006, the Court entered a Memorandum and Decision that (1) denied Defendants' motion to dismiss as moot; (2) directed that Plaintiff file an amended complaint by September 1, 2006; and (3) ordered the Defendants to file any responsive motion by September 15, 2006.  <u>See</u> Docket Entry 17.

    5.    To date, the undersigned is not aware that any amended complaint has been received by this office, nor does the Court's docket report for this case indicate that an amended complaint has been filed.

---

[1] Indeed, the undersigned has been informed that the Plaintiff is currently located at a facility in Brooklyn as indicated by the instant certificate of service and that his scheduled release date is on or about November 2, 2006.

6.  Accordingly, the Defendants respectfully request that the Court reinstate the their motion to dismiss the instant complaint as moot.

>	Respectfully submitted,
>
>	MICHAEL J. SULLIVAN
>	United States Attorney
>
>	By:  /s/ Jennifer C. Boal
>	JENNIFER C. BOAL
>	Assistant U.S. Attorney
>	United States Courthouse
>	1 Courthouse Way - Suite 9200
>	Boston, MA 02210
>	(617) 748-3310

Dated: September 15, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, postage prepaid, first class mail. In addition, a copy will be sent to Mr. Barrera, Reg. No. 57833-053 at Brooklyn CCC, 988 Myrtle Ave., Brooklyn, New York 11206.

Dated: September 15, 2006				/s/ Jennifer C. Boal

CERTIFICATE PURSUANT TO LR. 7.1(A)(2)

The Defendants take the position that, because LR. 7.1(A)(2) requires "counsel" to confer, the Rule is inapplicable where, as here, plaintiff is proceeding pro se and is incarcerated. To the extent the Court considers the Rule applicable, the Defendants request that it be waived here.

>	/s/  Jennifer C. Boal
>	Jennifer C. Boal